**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

RANDALL SUTTON,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No. 1:05cr183-1

Judge Michael R. Barrett

**OPINION & ORDER**

This matter is before the Court on Petitioner Randall Sutton's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 219) and the United States' Response (Doc. 227); and the Government's Supplemental Response to Petitioner's 2255 Motion (Doc. 238). For all the reasons indicated herein, the Court **DENIES** Petitioner's Section 2255 Motion.

**I.    BACKGROUND**

On August 31, 2007, Petitioner pled guilty in this Court to one count of Bank Robbery and one count of Brandishing a Firearm during a Commission of a Crime of Violence. Based on Petitioner's prior convictions of delivery of a controlled substance and assault, Petitioner was considered a career offender under U.S.S.G. § 4B1.1. (Final Presentence Report, ¶¶ 111-115). On June 22, 2016, this Court entered an Amended Judgment which sentenced Petitioner to 132 months imprisonment on Count One; and 84 months on Count Two to run consecutive to Count I for a total of 216 months. (Doc. 218). Petitioner did not file an appeal of the Amended Judgment.

On June 24, 2016, Petitioner filed a 28 U.S.C. § 2255 motion to vacate his sentence. (Doc. 219). Petitioner argues his sentence should be reconsidered based upon the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) and *United States v. Pawlak*, 822 F.3d 902 (6th Cir. 2016).

At the United States' request, the Court held Petitioner's motion in abeyance pending the United States Supreme Court's decision in *Beckles v. United States*, 137 S.Ct. 886 (2017). The Court lifted the stay following a decision in *Beckles*. (Doc. 137).

## II. APLLICABLE STANDARDS

A prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003) (citing *Weinberger v. U.S.*, 268 F.3d 346, 351 (6th Cir.), *cert. denied*, 535 U.S. 967 (2001)).

## III. ANALYSIS

The Armed Career Criminal Act ("ACCA") imposes a 15-year mandatory minimum sentence on certain federal defendants who have three prior convictions for a "violent felony." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court held that the residual clause of the ACCA is void for vagueness and thus unconstitutional pursuant to the Fifth Amendment's guarantee of due process. *Id.* at 2563.[1] The Supreme Court has confirmed that *Johnson* announced

---

[1]The ACCA states in relevant part:

Any crime punishable by imprisonment for a term exceeding one year . . . that

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

a substantive rule and is retroactively applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

The decision in *Johnson* called into question the validity of the residual clause in the Sentencing Guidelines – specifically, whether they too were unconstitutionally vague. However, in *Beckles*, the Supreme Court held that the residual clause of the Guidelines remained intact following *Johnson* because they "do not fix the permissible range of sentences" and thus, are not unconstitutionally vague. *Beckles*, 137 S.Ct. at 892. *Pawlak*, the Sixth Circuit case cited by Petitioner, was abrogated by *Beckles*.

Because Petitioner was not sentenced under the violent criminal provision of the ACCA and because *Johnson* does not apply to the Sentencing Guidelines, Petitioner does not qualify for relief under *Johnson*.

## IV. CONCLUSION

Pursuant to Title 28 U.S.C. § 2255, the Court finds that the motions, files, and records of this case conclusively show that Petitioner is not entitled to relief. Therefore, a hearing is not necessary to determine the issues and make the findings of fact and conclusions of law with respect thereto. *Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003). The claims raised are conclusively contradicted by the record and the well-settled law of the Sixth Circuit and the United States Supreme Court. Accordingly, Petitioner's Motion to Correct Sentence under 28 U.S.C. § 2255 (Doc. 219) is **DENIED**.

---

> (ii) is burglary, arson, or extortion, involves the use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*[.]

18 U.S.C. § 924(e)(2)(B). The italicized portion is known as the residual clause. The holding left intact 18 U.S.C. § 924(e)(2)(B)(i), the so-called elements clause. *Johnson*, 135 S. Ct. at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony").

Further, the Court will not issue a certificate of appealability in this case. The Court concludes that the claim raised by Petitioner in his Section 2255 motion, which has been decided on the merits, is not debatable among reasonable jurists, could not be resolved differently on appeal or is not adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). In addition, Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c); *see also* Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

                */s/ Michael R. Barrett*
                Michael R. Barrett, Judge
                United States District Court