**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL CASE NO. 1:05-cr-183-1
CIVIL CASE NO. 1:16-cv-681 |
| Plaintiff/Respondent, | Judge Michael R. Barrett |
| v. | |
| RANDALL SUTTON, | |
| Defendant/Petitioner. | |

## **OPINION AND ORDER**

These matters are before the Court on several motions by Defendant. While the motions are not captioned in any particular manner, the Court characterizes them as a motion for clarification regarding amended judgments (Doc. 246), a motion regarding amended judgments and for reconsideration of order granting in part and denying in part § 2255 motion (the "initial § 2255 order") (Doc. 248), a motion to remove enhancement and to appoint counsel (Doc. 249), and a motion to remove enhancement (Doc. 251). These matters stem from Defendant's involvement in three Ohio bank robberies and one Kentucky bank robbery. The Court has already summarized the complicated procedural history providing the context for these motions in the initial § 2255 order entered September 30, 2015 (Doc. 211). The Court therefore begins with the procedural history subsequent to that order.

**I.  BACKGROUND**

In the initial § 2255 order, the Court determined that it had erred in failing to elicit a guilty plea on federal bank robbery charges indicted in the Eastern District of Kentucky

1

("EDKY") that were ultimately transferred to the Southern District of Ohio pursuant to Fed. R. Crim. P. 20(a). These EDKY charges had been consolidated with this case under case number 07-cr-078. As a result, on December 11, 2015, the Court held a status conference on the EDKY charges. (Case no. 07-cr-078, Doc. 25). After consultation with counsel, Defendant elected to not plead guilty to the EDKY indictment (Case no. 07-cr-078, Doc. 1) and the case was accordingly transferred back to the EDKY (Covington) for further disposition consistent with Fed. R. Crim. P. 20(c). (Case no. 07-cr-078, Docs. 26, 28).

Several months later, consistent with its initial § 2255 order, the Court entered an amended judgment on June 17, 2016 (Doc. 213) that removed references to the EDKY case number, EDKY indictment counts, and punishments premised thereon in order to effectuate the vacated judgment and conviction related to the EDKY charges. Days later, on June 22, 2016, the Court entered a further amended judgment (Doc. 218) that removed criminal monetary penalties related to the Kentucky financial institution connected to the EDKY indictment that had been inadvertently left in the June 17, 2016 amended judgment.

## II. ANALYSIS

### A. Motion for clarification (Doc. 246)

Defendant's first motion seeks clarification as to the amended judgments entered on June 17 and June 22 of 2016. (Docs. 213, 218). The motion will be granted and the Court offers clarification as follows. The amended judgment entered June 22, 2016 removed, from pages five and six, the criminal penalties associated with the EDKY charges that should have been but mistakenly were not removed in the June 17, 2016

amended judgment. It also corrected the date of the original judgment from August 31, 2017 to August 31, 2007. Defendant also flags the difference between the PAGEID numbers assigned to the June 17 and June 22, 2016 amended judgments in his motion at Doc. 248. The "PAGEID #" notation, located at the top of every page of all docketed filings, refers to a page's sequential place within the record of a case; it does connote the substance of, or case related to, a particular filing.

## B. Motion regarding amended judgments and for reconsideration of the initial § 2255 order (Doc. 248)

By this motion, the Court believes Defendant to allege the following related to the amended judgments (Docs. 213 and 218), the EDKY judgment (Case no. 2:05-cr-090-DLB-CJS Doc. 137)), and the initial § 2255 order:

1. The Court should have reopened the presentence investigation report ("PSR") to the extent that the EDKY charges affected its conclusions.

2. The Court should have reopened the plea agreement to remove reference to the EDKY charges.

3. The EDKY judgment imposing a 300-month prison term in EDKY case number 2:05-cr-090-DLB-CJS (Doc. 137), entered April 29, 2016, should have been entered subsequent to the June 16 and June 22, 2016 amended judgments in this case.

As an initial matter, the Court must determine whether it has jurisdiction to consider the issues alleged. Defendant asks the Court to "reconsider" his "§ 2255 Granted" but does not specify a particular rule or statute under which he moves. (Doc. 248, PAGEID #: 1836). While the Court, generally, should liberally construe a pro se motion for

3

consideration as a motion for relief from judgment under 60(b), *Mohwish v. Reno*, 132 F.3d 33, at *1 (6th Cir. 1997), the Court is also tasked with determining whether such a motion is in fact a second or successive § 2255 motion. *See In re Nailor*, 487 F.3d 1018, 1021 (6th Cir. 2007); *see also* Rule 12, Rules Governing Sec. 2255 Proceedings ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, *to the extent that they are not inconsistent with any statutory provisions or these rules*, may be applied to a proceeding under these rules." (emphasis added)). In *Nailor*, the Sixth Circuit summarized the analysis as follows: "A Rule 60(b) motion that attempts to 'add a new ground for relief' is effectively a motion to vacate, set aside, or correct the sentences, and thus should be considered a § 2255 motion." *Nailor*, 487 F.3d at 1022 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005)). If the Court determines that this motion is a second or successive § 2255 motion, the motion must be transferred to the court of appeals for preauthorization. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *see also In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) ("[W]hen a second or successive . . . § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the court of appeals], the district court shall transfer the document to [the court of appeals] pursuant to 28 U.S.C. § 1631."); *Albo v. U.S.*, 498 Fed. Appx. 490, 495 (6th Cir. 2012) ("Since [defendant's] Rue 60(b) motion is a second or successive § 2255 motion, the district court should have transferred the case to [the court of appeals] for certification.") (citing *Sims*).

Applying the above framework to Defendant's motion for reconsideration, the Court finds that his first two issues present new grounds for relief. Defendant's initial § 2255 motion argued that, as to the EDKY charges, "[t]he Court was without authority to impose sentences because Defendant never entered a plea to the charges." (Doc. 206, PAGEID #: 1643). The Court agreed and vacated Defendant's convictions on the EDKY charges. (Docs. 211 and 218). While not entirely clear from his motion, Defendant now appears to argue that the references to the EDKY charges in the PSR and in his plea agreement present additional reasons to find the balance of his sentence, on the Ohio charges, unlawful. These newly asserted grounds for relief must be presented to the Sixth Circuit for preauthorization. *See Sims*, 111 F.3d at 47; *Albo*, 498 Fed. Appx. at 495.

The third issue raised in this motion relates to fact that the April 29, 2016 judgment related to the EDKY charges (following transfer back to the EDKY) improperly predates the June 16 and June 22, 2016 amended judgments on the Ohio charges. Defendant does not profess to raise this issue as a basis to contest his Ohio conviction or challenge the merits determination reached by this Court in its initial § 2255 order, but instead appears only to argue that the Court made a clerical error of sorts in the June 22, 2016 amended judgment. Specifically, he argues "Ohio Judgment should say 216 months first then KY follow behind 300 mon [sic]" and that the dates on the amended judgments entered in this case and in the EDKY (once transferred back as EDKY case number 2:05-cr-090-DBL-1) are incorrect. This challenge (though its underlying premise is dubious, as discussed below) is more appropriately categorized as an alleged "defect in the integrity of the federal habeas proceedings[,]" which may appropriately proceed in the § 2255 context. *See Nailor*, 487 F.3d at 1022 (quoting *Crosby*, 545 U.S. at 532).

Rule 60(a) allows the Court "to correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment[.]" Fed. R. Civ. P. 60(a). As the Sixth Circuit has summarized, "a court properly acts under Rule 60(a) when it is necessary to 'correct mistakes or oversights that cause the judgment to fail to reflect what was intended at the time of trial.'" *In re Walter*, 282 F.3d 434, 441 (quoting *Vaughter v. Eastern Air Lines, Inc.*, 817 F.2d 685, 689 (11th Cir. 1987)). The rule cannot be used "to revisit its legal analysis or otherwise correct an 'error[] of substantive judgment.'" *Id.* at 440 (quoting *Ollie v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)). But although Defendant asks for reconsideration of the initial § 2255 motion, he seems to raise an alleged error in his amended criminal judgment, which would be governed by Fed. R. Crim. P. 36. That rule allows for the correction of "clerical errors in a judgment" that arise from an "oversight or omission." Fed. R. Crim. P. 36. Such errors "must not be one of judgment or even misidentification, but [must be] merely of recitation" or "mechanical in nature." *United States v. Robinson*, 368 F.3d 653, 656 (6th Cir. 2004) (quotation omitted).

The Court first considers Defendant's concerns regarding the dates of the amended judgments and EDKY judgment entered against him. The Court has already explained that the June 22, 2016 amended judgment further amended the June 17, 2016 amended judgment. (*See* part II.A). Defendant is also concerned by the fact that the amended judgments were entered subsequent to the EDKY judgment (entered April 29, 2016). But this was not error; the June 22, 2016 amended judgment reflects the date upon which it was actually entered *with reference correct date of the original, underlying judgment* of August 31, 2007. (Doc. 218, PAGEID #: 1694). Similarly, as to the sequence

6

of Defendant's prison terms, the now-effective June 22, 2016 amended judgment contains no error. It states: "Count 1 – One Hundred Thirty-Two (132) months; Count 2 – Eighty-Four (84) months to run consecutive to Count 1 (Total 216 months)[.]" To the extent Defendant alleges error, it appears to be in the EDKY court judgment's notation regarding his term of imprisonment: "300 MONTHS, TO RUN CONSECUTIVELY WITH SD/OH CASE No. 01:05-CR-183-001." (Case no. 2:05-cr-090-DLB-CJS, Doc. 137). But the Court does not read that notation as inconsistent with either Defendant's understanding of or the actual nature of the sequencing of his prison terms. In any event, an alleged error in that judgment would require the attention of the EDKY issuing court and not this Court.

### C. Motion to remove enhancement and for appointment of counsel (Doc. 249) and motion to remove enhancement (Doc. 251)

Defendant alleges in both of these motions that his sentence is the product of an improper enhancement. Specifically, he alleges that the Court enhanced his sentence on the Ohio charges pursuant to then-applicable U.S.S.G. § 2B3.1(b)(7) based upon a restitution amount in excess of $10,000.00, but that this amount was connected only to the EDKY charges to which he had not pleaded guilty. These allegations amount to a new ground for relief. For the reasons discussed in part II.B above, the Court cannot consider this claim without the Sixth Circuit's preauthorization. *See Sims*, 111 F.3d at 47; *Albo*, 498 Fed. Appx. at 495.

Finally, Defendant seeks the appointment of counsel for assistance, in particular, in navigating his allegation that the Court improperly enhanced his Ohio sentences. There is no constitutional right to counsel in proceedings under § 2255. *See Cobas v.*

7

*Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). A petitioner who brings a habeas petition under § 2255 has a right to appointed counsel only when "the interest of justice so requires." 18 U.S.C.A. § 3006A(a)(2)(B). As one district court has explained:

> Federal courts generally have endorsed the appointment of counsel to represent legally unsophisticated prisoners who are financially unable to obtain counsel in: (1) capital cases; (2) cases that turn on substantial and complex procedural, legal or mixed legal and factual questions; (3) cases involving uneducated or mentally or physically impaired petitioners; (4) cases likely to require the assistance of experts either in framing or in trying the claims; and (5) factually complex cases. James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure, § 12.3b (3d ed.1998). A district court does not abuse its discretion, by declining to appoint counsel where the issues in the case are "straightforward and capable of resolution on the record" or the petitioner has a "good understanding of the issues and the ability to present forcefully and coherently his contentions." *See Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986); *Swazo v. Shillinger*, 23 F.3d 332, 333 (10th Cir. 1994); *Reese v. Fulcomer*, 946 F.2d 247, 264 (3d Cir. 1991).

*Camcho v. United States*, 4:10 CV 01650, 2010 WL 4365479, at *1 (N.D. Ohio Oct. 28, 2010).

Appointment of counsel is not appropriate here. This is not a capital case, and the claims presented implicate questions capable of resolution without an evidentiary hearing. The interests of justice do not require the appointment of counsel in this case. *Harris v. Beckstorm,* No. 11–375–DLB–EBA, 2013 WL 4039802, at *18 (E.D. Ky. Aug. 7, 2013). Defendant's Motion for Appointment of Counsel will be denied.

### III.     CONCLUSION

For the foregoing reasons, Defendant's motion for clarification (Doc. 246) is **GRANTED** as addressed by part II.A of this Order. The Clerk is directed to **TRANSFER** Defendant's motion (Doc. 248) to the United States Court of Appeals for the Sixth Circuit

8

as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A) as to issues one and two; the motion is **DENIED in part** as to issue three. Defendant's motion (Doc. 249) is **DENIED in part** as to the appointment of counsel. The Clerk is directed to **TRANSFER** Defendant's motion (Doc. 249) as to removing the enhancement and Defendant's motion (Doc. 251) to the United States Court of Appeals for the Sixth Circuit as a second or successive petition pursuant to 28 U.S.C. § 1631 for authorization under 28 U.S.C. § 2244(b)(3)(A).

    **IT IS SO ORDERED**.

    *s/ Michael R. Barrett*
Michael R. Barrett, Judge
United States District Court